## J. A. ELWELL AND J. R. SOUTH v. B. F. REYNOLDS.

### No. 201.

1. FALSE IMPRISONMENT—*a void warrant confers no authority to arrest.* A warrant void upon its face confers no authority upon which an officer is justified in making an arrest; and an officer cannot apprehend a person under such a warrant, it having been read to the prisoner as the authority under which the arrest is made, and then, in an action for false imprisonment, be heard to say that he made the arrest upon the information and belief that a felony had been committed and that the person arrested was guilty of its commission.

2. ———— *sheriff is liable for acts of deputy.* A sheriff is liable for the acts of his deputy; and if such deputy assists in the arrest of a person under a void warrant, and confines such person in the county jail, the sheriff is liable in an action for false imprisonment.

Error from Franklin District Court. Hon. A. W. Benson, Judge. Opinion filed December 22, 1897. *Affirmed.*

*C. A. Smart* and *W. S. Jenks,* for plaintiffs in error. *H. P. Welsh,* for defendant in error.

DENNISON, P. J. This action was commenced by B. F. Reynolds in the District Court of Franklin County, Kansas, to recover damages against J. A. Elwell and J. R. South, for false imprisonment. The defendant South, in his answer, alleges that he made the arrest

1. Void warrant confers no authority.

546          Elwell v. Reynolds.

S. Dept.          Opinion.  Dennison, P. J.          6 Kan. App.

of Reynolds under a warrant of which the following is a copy :

*"State of Kansas, Coffey County, ss.*

" The State of Kansas to the Sheriff or any Constable of Coffey County : Whereas, complaint in writing under oath and duly subscribed by the complainant has been made to me, and it appearing that there are reasonable grounds for believing that on or about the twenty-third day of September, 1892, in the county of Coffey and State of Kansas, one person whose name is to the complainant unknown, one order for four dollars, drawn upon the Coffey County Fair Association by one J. E. Woodford, secretary, and Orson Kent, president, and payable to one R. E. Jones, and dated at Burlington, Kan., the nineteenth day of September, 1892, and indorsed by said R. E. Jones on the back and by said R. E. Jones sold and delivered to the said Rosa J. Crum, said order being of the value of four dollars of the goods and chattels of the said Rosa J. Crum in the dwelling house of the said Rosa J. Crum situate, in the possesion of the said Rosa J. Crum then and there being, did then and there, in said dwelling house feloniously steal, take and carry away, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Kansas.

" You are therefore commanded forthwith to arrest said person whose name is to this defendant unknown, and bring him before me at my office in the city of Burlington in said county to be dealt with according to law, and then and there return this writ.

" In witness whereof I have hereunto set my hand this twenty-ninth day of September, 1892, at my office in said city of Burlington in said county.

H. B. Cheney, *Justice of the Peace.*"

The defendant Elwell, in his answer, denies all the allegations of the petition ; alleges that he has read the answer of his codefendant, South, and believes the same to be true ; that each step in the proceedings leading to the arrest of the plaintiff as alleged

in the answer of his codefendant, was advised by the
county attorney of Coffey County, Kansas.   The de-
fendant Elwell afterward filed an amended answer in
which he alleges that, at the time he arrested the said
plaintiff, he was informed and believed that said Rey-
nolds was guilty of the offense charged in the com-
plaint upon which the warrant was issued, and that
he is informed and believes that said plaintiff is guilty
as charged as aforesaid.

The defendant South also filed an amended answer
in which he also alleges the advice of the county at-
torney, and his information and belief that Reynolds
was guilty of the crime charged in the information
aforesaid.   After the plaintiff below had introduced,
his evidence, the defendants offered to prove that the
drawing of the complaint and issuance of the warrant
were under the advice and direction of the county at-
torney of Coffey County, and that, at the time South
made the arrest, he had reasonable grounds for believ-
ing that the plaintiff Reynolds was the party who had
stolen the check in question, that the crime had been
committed, and that Reynolds was the person who had
committed such crime.

The court refused to permit the introduction of
such evidence.   The defendants below offered no
other evidence, and the court instructed the jury.
Verdict and judgment of one hundred dollars and
costs were had against the defendants, who bring the
case here for review.

The counsel for plaintiffs in error now claim that
their liability is governed by the rule applicable to an
officer who arrests without a warrant.   They argue
that the warrant upon which the arrest was made,
being void, they had no warrant, and the arrest was
therefore made by them without a warrant.

The real question is, Did the officers have authority to apprehend Reynolds? If they did, the apprehension constituted an arrest of Reynolds, and they are not liable to him for damages. If they did not have authority, the apprehension constituted false imprisonment, and they would be liable to Reynolds for damages.

It is admitted that the warrant under which the apprehension was made is void upon its face; it, therefore, conferred no authority upon the plaintiffs in error by which they can justify their act.

The only remaining claim of authority is that the plaintiffs in error were justified in apprehending Reynolds upon the information and belief that a felony had been committed and that Reynolds was the person who committed it. We cannot assent to the doctrine that an officer can apprehend a person under a void warrant which is read to the prisoner as the authority under which the arrest is made, and then, in an action for false imprisonment, be heard to say that he made the arrest upon the information and belief that a felony had been committed and that the person arrested was guilty of its commission. If this can be done, no officer could be made liable for false imprisonment. We are aware that at common law

2. Sheriff liable for acts of deputy.
an officer may lawfully arrest in some cases without a warrant. We do not hold that it cannot be done under certain circumstances in Kansas.

It is contended that J. A. Elwell is not liable in any event. J. A. Elwell was deputy sheriff and jailer, and he read the warrant to Reynolds and confined him in the jail of Franklin County. The sheriff is liable for the acts of his deputy. The contention that the officers were justified because the county attorney ·

of Coffey County counseled the proceedings, is not argued, and is therefore waived. However, it would be no justification for an arrest under a void warrant.

The judgment of the District Court is affirmed.